UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

APRIL LEE F.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C23-5302 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Plaintiff alleges the ALJ erred by rejecting her symptom testimony and medical opinion evidence. Dkt. 10. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff is 51 years old, has at least a high school education, and has worked as security guard, slot-machine repairer, and gambling dealer. Admin. Record ("AR") 36. In June and July 2020, Plaintiff applied for DIB and SSI, respectively, alleging disability as of June 30, 2019. AR 95, 115, 136, 146. Plaintiff's applications were denied initially and on reconsideration. AR 112, 132, 145, 155. The ALJ conducted a hearing in November 2021, where Plaintiff amended her alleged onset date to April 29, 2020. AR 45–91. In February 2022, the ALJ issued a decision

finding Plaintiff not disabled. AR 20–44.

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1. Plaintiff's Symptom Testimony**

Plaintiff testified she has migraines that cause shooting pain, eye twitches, soreness on her face and neck, nausea, and vertigo. AR 64. She explained she experiences migraines two to three times a week, and her migraines can last for more than a day. AR 65. She also explained her migraines can worsen once or twice a month, and when they do, she is unable to do anything and has to go in a dark and quiet room for at least four hours.[1] AR 65–66.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard

[1] Plaintiff also testified to other symptoms. AR 67–83. However, in her Opening Brief, Plaintiff challenged only the ALJ's evaluation of her migraines. Dkt. 10 at 2–3. Therefore, the Court does not address the ALJ's evaluation of the other symptoms Plaintiff testified to. *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an ALJ's finding because the plaintiff "failed to argue th[e] issue with any specificity in his briefing").

isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ rejected Plaintiff's testimony about her migraines because her records included "little, if any, recent treatment for them." AR 32. An ALJ may discount a claimant's testimony when the "'level or frequency of treatment is inconsistent with the level of complaints.'" *Molina*, 674 F.3d at 1113 (quoting Social Security Ruling (SSR) 96–7p).[2] The bulk of the evidence the ALJ cited shows Plaintiff's primary concerns were her other symptoms, such as her right shoulder and back pain. *See* AR 491–526, 801–69, 840–69. Though these treatment notes show migraine is part of Plaintiff's medical history, they do not indicate Plaintiff sought out treatment for her migraines and headaches specifically. Further, as the ALJ noted, Plaintiff reported medication was helpful for her headaches, and the occasions where Plaintiff denied having headaches outnumber those where she endorsed them. *See* AR 301, 509, 513, 519, 815, 824, 844, 849, 854, 859.

Plaintiff disputes the ALJ's interpretation of the record and contends she reported her migraines multiple times throughout the relevant period, but the evidence Plaintiff cites is unavailing. *See* Dkt. 9 at 2–3. Plaintiff points to a treatment note from September 2021 that states she has been reporting her migraines over the past month, but Plaintiff does not direct the Court to any of those actual reports. *See* AR 935–36. The treatment notes also undermine Plaintiff's argument because they show that after being prescribed medication, Plaintiff declined to consider a different daily medication that would reduce her migraines because she found her current one helpful. *See* AR 943, 936. The other evidence Plaintiff cites to is likewise

[2] SSR 96–7p has been superseded by SSR 16–3p, which nonetheless retains language that an ALJ may discount a claimant's testimony based on the frequency or extent of treatment sought by the claimant.

unconvincing as they show that Plaintiff's primary concern was her right shoulder pain rather than her migraines. *See* AR 873.

Overall, the ALJ reasonably rejected Plaintiff's testimony because her statements about the severity, frequency, and intensity of her migraines were at odds with the record, which shows she often denied headaches, found medication helpful for her migraines, and denied other medication that her treating source believed would reduce her migraines.

**2. Medical Opinion Evidence**

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." ! *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id*.; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

**a. James Stauffer, PA-C**

Mr. Stauffer completed a questionnaire prepared by Plaintiff's counsel in October 2021. AR 910–12. In the questionnaire, he opined Plaintiff's pain would interfere with her attention, concentration, and persistence 30 percent of the time during an eight-hour workday. AR 911. He opined Plaintiff is limited to standing/walking, and sitting for less than one hour during an eight-hour workday. *Id*. He opined Plaintiff needs to recline six to eight hours in an eight-hour workday. *Id*. He opined Plaintiff could occasionally reach, hold, handle, and manipulate objects

with her left upper extremity. AR 911–12.

The ALJ first rejected Mr. Stauffer's opinion for its lack of supportability. AR 34. How a medical source supports his or her medical opinion with objective evidence and relevant explanation is a factor the ALJ must consider. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Here, the ALJ pointed out Mr. Stauffer provided his opinion in a "check-box" format that "provided little in the way of explanation, treatment notes, or exam findings, other than reference to diagnoses, to support many of his [opined] limitations." AR 34.

Plaintiff argues the ALJ cannot simply look at the questionnaire in making a supportability finding and cites to Mr. Stauffer's treatment notes throughout the record. Dkt. 10 at 3–4. As Defendant points out, the Ninth Circuit has clarified that an ALJ can discount a medical opinion if provided in a check-box format "with little to no explanation." *Kitchen v. Kijakazi*, 82 F.4th 732, 740–41 (9th Cir. 2023); Dkt. 16 at 9. Mr. Stauffer's completed questionnaire here is scant of any explanation for his proposed limitations. *See* AR 910–12.

Moreover, the Court does not find the records Plaintiff cites to necessarily supportive of Mr. Stauffer's opinions. Several of them are treatment notes from Plaintiff's other treating sources, or they simply list Mr. Stauffer's prescribed medication. *See* AR 801–39, 926–32. Further, the objective medical evidence contained in the few treatment notes from Mr. Stauffer are not entirely related to his proposed limitations or they simply recite Plaintiff's self-reports. *See* AR 1036–44. Therefore, in rejecting Mr. Stauffer's opinion for its lack of supportability, the ALJ did not err.

The ALJ also rejected Mr. Stauffer's opinion because it was inconsistent with Plaintiff's reported activities, including gardening and raising chickens, and other treatment notes showing Plaintiff's normal musculoskeletal findings and reported improvement in shoulder pain. AR 34

(citing AR 474, 493, 499, 768). How consistent a medical opinion is "with the evidence from other medical sources and nonmedical sources" is another factor the ALJ must consider. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). That Plaintiff can raise chickens and garden, her normal physical examination findings, and reports of improvement negate Mr. Stauffer's opinion that Plaintiff can only stand/walk and sit for less than an hour, that Plaintiff has to be in a reclined position for most of the day, and can occasionally use her left upper extremity. Therefore, in rejecting Mr. Stauffer's opinion for its inconsistency with the record, the ALJ did not err.

Plaintiff also contends the ALJ erred because he did not address Mr. Stauffer's opinion about Plaintiff's migraines. Dkt. 10 at 5. However, the entirety of Mr. Stauffer's opinion—including his opinion about Plaintiff's migraines—lacked supportability. *See* AR 910. Therefore, Plaintiff has failed to show the ALJ committed harmful error. *See Molina*, 674 F.3d at 1111.

**b. Swilenn Almendarez**

Ms. Almendarez completed a questionnaire prepared by Plaintiff's counsel. AR 951–54. She opined that based on Plaintiff's mental health impairments, Plaintiff has mild to marked limitations in basic work functionalities. AR 952–54.

The ALJ rejected Ms. Almendarez's opinion as a "statement from a non-medical source." AR 36. Defendant concedes the ALJ erred by stating that her opinion was non-medical, but argues the error was harmless. Dkt. 16 at 13. The Court agrees, because in weighing the opinion's persuasiveness, the ALJ nonetheless used the supportability and consistency factors under 20 C.F.R §§ 404.1520c(c), 416.920c(c), factors the ALJ must consider when evaluating a medical opinion. *Woods*, 32 F.4th at 791; AR 36.

Further, the ALJ permissibly rejected Ms. Almendarez's opinion for its lack of supportability because Ms. Almendarez simply indicated her opinions through essentially another check-box format "with little to no explanation." *See Kitchen*, 82 F.4th at 740–41; AR 952–54. The ALJ also made an inconsistency finding, but erred in doing so because the ALJ's reasoning was conclusory, stating simply that it was "inconsistent with the overall record." AR 36. However, because ALJ's supportability finding is valid and supported by the record, this error is deemed harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 27th day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE